## Commonwealth v. DeWitt

*Louise D. Musica*, for appellant.
*E. Max Weiss*, for Commonwealth.

THOMAS, P. J., December 28, 1973—Petitioner had his license suspended under section 1404 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1404 (failure to have insurance). An appeal was filed and we heard the matter de novo.

The facts are not complicated. The Commonwealth chose not to call the other party involved in the accident, so the only testimony heard was that of the investigating police officer, Charles Nolan, and petitioner.

The acceptable facts indicate petitioner and his lady friend were driving on Township Road 20046, about eight miles west of Meadville at about 3 a.m. in the early morning hours of December 27, 1972, when the motor stopped. They could not get the motor restarted so they pushed the car off the side of the road as far as possible. Apparently, part of the vehicle was still protruding onto the highway. The driver and his friend stayed with the vehicle for two or three hours but couldn't flag down a ride until about 6 a.m., when a friend came by and took them home. When petitioner left the vehicle, he left the four-way flashers on but admitted they were pretty dim due to the run-down condition of the battery.

A Robert Wolff, driving a 1967 Ford, later crashed into petitioner's abandoned car and completely demolished it.

The State Police had petitioner's car towed from the scene and by the time petitioner had rounded up some help and appeared back at the scene about three hours later, his car was gone. He ultimately found it later in the day at a local garage.

The Department of Transportation, Bureau of Traffic Safety, suspended petitioner's operating privileges for failure to show proof of financial responsibility under section 1404, 75 P.S. §1404.

Petitioner contends the suspension is illegal and inequitable under the circumstances.

The evidence indicates that petitioner did everything humanly possible to get his car off the road after a mechanical malfunction disabled it. Admittedly, the battery was exhausted in his efforts to restart it and, admittedly, he could not push it entirely off the paved portion of the highway, but when petitioner was forced ultimately to abandon his vehicle, he left the four-way flashers on. He admits they were feebly blinking but argues that he did everything he reasonably could be expected to do before going to look for help.

We find no cases directly in point but believe analogous statutes to be controlling.

We note section 1406 of The Vehicle Code, 75 P.S. §1406, provides that the requirements as to security (i.e., insurance) set forth in section 1404 shall not apply:

"(2) To the operator or owner of a motor vehicle legally parked at the time of the accident."

While petitioner does not contend he was "legally" parked on the highway when his unattended

vehicle was struck and demolished, he argues that the provisions of section 1020, 75 P.S. §1020, "legalize" his parking within the intent of the aforesaid section 1406(2).

Section 1020 provides:

"(a) No person shall park or leave standing any vehicle or tractor, whether attended or unattended, upon the paved or improved or main traveled portion of any highway.

"...

"(c) The provisions of this section shall not apply to the operator of any vehicle or tractor which is disabled while on the paved or improved or main traveled portion of a highway, in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle or tractor in such position."

We conclude petitioner's position is sound. Had petitioner been charged with violation of section 1020, he would have been acquitted.

While we agree that the intent of the Motor Vehicle Safety Responsibility Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §1401, et seq., was designed to protect highway users from unrecompensed damages, we cannot construe it as also being designed to punish an automobile owner whose unoccupied car is involved in an accident caused by another person and created by an emergency not attributable to the owner, not involving a violation of The Vehicle Code and caused by an emergency which petitioner did not create.

We conclude the secretary abused his discretion and will order reinstatement of the operator's privileges.